## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RYAN TYLER MERRILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-22-007-RAW-GLJ** |
| **JONATHAN SEAGRAVES,** | ) | |
| **CITY OF BROKEN** | ) | |
| **ARROW, and BRANDON** | ) | |
| **BERRYHILL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Ryan Merrill ("Plaintiff") filed this civil rights action against Defendants Jonathan Seagraves and Greg Fell, Officers with the Broken Arrow Police Department, as well as Broken Arrow Police Chief Brandon Berryhill and the City of Broken Arrow, alleging he was subject to excessive force under the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983, as well as alleging claims of failure to train and failure to supervise. This matter now comes before the Court on Plaintiff's Motion to Permit Second Amended Complaint [Docket No. 69]. On October 14, 2022, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636. *See* Docket No. 45. For the reasons set forth below, the undersigned Magistrate Judge now finds that Plaintiff's Motion to Permit Second Amended Complaint should be DENIED.

**Background**

Plaintiff alleges in his Amended Complaint that he was driving on December 3, 2020, in Broken Arrow, Oklahoma when he was pulled over by Seagraves. *See* Docket No. 24, ¶¶ 10-11. Seagraves was not wearing a mask when he approached the vehicle, so Plaintiff only partially rolled down his window to pass his license and insurance verification out of concern regarding the high level of COVID-19 at the time. *Id.* Seagraves went back to his car, prepared a citation, and returned to the vehicle where Plaintiff again only partially rolled down his window to receive a citation for an expired tag. *Id.*, ¶ 12. Seagraves demanded he fully roll down the window, but Plaintiff declined to roll it further than he deemed necessary to receive and sign the citation. *Id.* Seagraves then returned to his vehicle without giving further instructions. *Id.*

Plaintiff alleges that after Seagraves returned to his patrol vehicle, he waited "several more minutes" then drove within the speed limit toward his stepbrother's house while being followed by Seagraves. *Id.*, ¶ 13. During the drive, Seagraves was also joined by other officers, including Fell. *Id.* Upon arriving at his stepbrother's house, Plaintiff states that he "ran up on a porch where he had been working," turned to face the approaching officers, and held his hands in the air with his phone in his right hand. He asserts that he had no weapon and did not act in an aggressive manner. *Id.*, ¶ 14. Both Seagraves and Fell approached Plaintiff with their firearms pointed at him while he pleaded with the officers not to kill him. *Id.*, ¶ 15. Without warning, Seagraves drew his Taser and shot Plaintiff in the chest, incapacitating him and causing him to fall face down. *Id.*, p. 5, ¶¶ 17-18. Without warning, Seagraves then discharged the Taser a second time,

hitting Plaintiff in the back. *Id.*, ¶¶ 18-19. Plaintiff alleges that Fell failed to intervene to prevent the second taser hit to his back. *Id.*, ¶ 18.

Fell sought dismissal of the Amended Complaint, arguing, *inter alia*, qualified immunity and that Plaintiff failed to set forth a claim for Fell's failure to intervene to prevent Seagraves' second taser shot because, based on the Amended Complaint's allegations, Fell did not have an adequate opportunity to intervene. *See* Docket No. 29, pp. 4-6. After the Court denied Fell's motion to dismiss, *see* Docket No. 50, he appealed. Ultimately, the Tenth Circuit concluded that:

> Assuming for the sake of argument that Officer Seagraves used excessive force when he fired the second taser shot, the amended complaint fails to plausibly plead a claim against Officer Fell for failure to intervene because it indicates the second shot came without any warning. In other words, the factual assertions in the amended complaint do not plausibly suggest that Officer Fell had a realistic opportunity to intervene.

*See* Docket No. 62, p. 6. As a result, the Tenth Circuit reversed the District Court and "remanded with instructions to grant Officer Fell's motion to dismiss on the grounds of qualified immunity." *Id.*, p. 8. Subsequently, the District Court dismissed Fell as a party-defendant. *See* Docket No. 64.

Rather than seek a rehearing *en banc* with the Tenth Circuit, Plaintiff now seeks to further amend his Amended Complaint to add Fell back in as a party-defendant and to assert both additional facts to add context and an alternative allegation that Seagraves did state a warning before the second taser shot. *See* Proposed Second Amended Complaint at Docket No. 69, Ex. 2. Specifically, as it relates to additional facts for "context", Plaintiff now seeks to allege that Seagraves "continued to scream" at Plaintiff while he was on the

ground without a weapon and making no effort to escape or resist, and that Seagraves was "emotionally out of control" to such an extent that a reasonable officer in Fell's position should have intervened to prevent an escalation of force. *Id.*, ¶ 17. Plaintiff also seeks to allege that "[a]lternatively, *Defendant Fell* asserts that Fell perceived a verbal warning that he claims was made by Defendant Seagraves and that Seagraves warned that he was going to shoot Plaintiff a second time with his taser while Plaintiff was face down without active resistance and not posing a threat to anyone." *Id.* (emphasis added). Plaintiff further seeks to allege that Seagraves' second taser shot came "almost immediately" after Seagraves warning without any reasonable opportunity for Plaintiff to comply. *Id.*

## Analysis

Defendants Seagraves and the City of Broken Arrow ("Defendants") oppose Plaintiff's motion to amend because Fell was previously dismissed with prejudice, such dismissal has not been vacated, and Plaintiff's attempt to plead facts contradictory to the Amended Complaint constitutes bad faith and a sham pleading. Plaintiff's motion did not address the issue of the Court's authority to add Fell back as a defendant after his dismissal.

### Applicable Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

As set forth below, Plaintiff's proposed Second Amended Complaint would be futile and, therefore, the undersigned Magistrate Judge recommends that Plaintiff's motion be denied.

## I.    Fell's Dismissal was With Prejudice

Defendants assert that Fell was dismissed with prejudice based on the Tenth Circuit's order and judgment and that, as a result, Plaintiff cannot refile the same claim against him.  Both the Tenth Circuit's opinion and judgment, which states the "judgment of the district court is reversed and the case is remanded with instructions to grant Officer Fell's motion to dismiss on the grounds of qualified immunity", Docket No. 62, and the District Court's order, which dismissed Fell as a party-defendant, Docket No. 64, are silent as to whether the dismissal was specifically with or without prejudice.

Fell's dismissal was based on granting his motion to dismiss under Fed. R. Civ. P. 12(b)(6).  It is well-settled that a dismissal for failure to state a claim under Rule 12(b)(6)—which speaks to the legal insufficiency of the claim at issue—is an adjudication on the merits.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotation marks omitted)); *McLean v. United States*, 566 F.3d 391, 396 (4th Cir.2009) ("Courts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be ...

5

a judgment on the merits...."); Fed. R. Civ. P. 41(b) (Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits"). Furthermore, the Supreme Court has held that "an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'" *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); *see Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 131 (D.C. Cir. 2012) ("Adjudication on the merits in this context [i.e., involuntary dismissal] means dismissal with prejudice."); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2373, 739–42 (3d ed. 2008) ("[B]ecause an involuntary dismissal is an adjudication on the merits, it is, in the phrase commonly used by the federal courts, 'with prejudice.'").

As Defendants note, a dismissal with prejudice bars the refiling of the same claim in the same court by the same plaintiff. *Griffin v. Gash*, 317 F. Appx. 782, 7783 (10th Cir. 2009) (citing *Semtek Int'l.*, 531 U.S. at 505-06), *cert. denied*, 556 U.S. 1280 (2009). *See also Richardson v. Fowler Envelope Co., LLC*, 2003 WL 22890253, at *1 (D. Kan. Dec. 8, 2003) ("plaintiff is further advised that 'dismissal with prejudice' means that this case will end ... and plaintiff will not be allowed to refile his claim in this court."). Thus, Fell's dismissal from this case was with prejudice and Plaintiff cannot simply add him back as a party-defendant in this case by refiling the same claim against him.

## II.    Plaintiff Did Not Seek Any Post-Judgment Relief Against Fell

Defendants also assert that Plaintiff cannot add Fell back into this case as a party-defendant unless and until the judgment against Fell is set aside or vacated. As noted, the

Tenth Circuit "has repeatedly and unequivocally held that, '[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b).'" *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quoting *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996)). "Indeed, the rule is the same in our sister circuits." *Id*. (gathering cases). "Moreover, even though Rule 15(a) states that 'leave [to amend] shall be freely given when justice so requires,' 'this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed.'" *Id*. at 1087-88 (quoting *Bressner v. Ambroziak*, 379 F.3d 478, 484 (7th Cir. 2004); *see also Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002) (liberality of Rule 15 no longer applicable once judgment has been entered)).

Plaintiff has not sought to set aside or vacate the judgment against Fell under either Fed. R. Civ. P. 59(e) or 60(b). Having failed to do so, Plaintiff may not now seek to simply add Fell back into this case as a party-defendant.

### III.    Plaintiff's Proposed New Facts Do Not Support a Plausible Failure to Intervene Claim Against Fell

Defendants assert that Plaintiff's motion should be denied because it comes after judgment against Fell was entered and because Plaintiff's new factual allegations are in bad faith and a sham because they contradict allegations in the Amended Complaint. As set forth below, even if the judgment in favor of Fell was not with prejudice and the amendment was prohibited because the judgment has not been set aside of vacated, the

undersigned Magistrate Judge concludes that the new allegations in the proposed Second Amended Complaint do not support a plausible claim against Fell for failure to intervene.

To state a claim against Fell for a constitutional violation in the form of a failure to intervene, Plaintiff must allege that "1) a government officer violated his constitutional rights, 2) a different government actor (the defendant) observed or had reasons to know about that constitutional violation, and 3) the defendant had a realistic opportunity to intervene, but failed to do so." *Bledsoe v. Carreno*, 2022 WL 16942631, at *20 (10th Cir. Nov. 15, 2022) (*citing Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015); *Est. of Booker v. Gomez*, 745 F.3d 405, 422-23 (10th Cir. 2014)). *See also Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1210 (10th Cir. 2008) ("An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official.") (*quoting Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)). Thus, "[i]n order to be liable for failure to intervene, the officers must have 'observe[d] or ha[d] reason to know' of a constitutional violation and have had a 'realistic opportunity to intervene.'" *Jones*, 809 F.3d at 576 (*quoting Vondrak*, 535 F.3d at 1210).

Plaintiff seeks to allege two new categories of factual allegations. The first is that Seagraves was screaming at Plaintiff as he continued to point the taser at him after the first taser shot and that Seagraves was "emotionally out of control" at that time. Plaintiff offers no explanation for why he did not allege these facts in his Amended Complaint, even though it is apparent these facts are based on Plaintiff's own perceptions and observations

8

during the incident.  Untimeliness alone may be a sufficient basis for denying a party leave to amend.  *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993), or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).  Plaintiff's failure to previously plead these facts that were known to him at the time or to otherwise explain why he should be excused is fatal to his attempt to subsequently amend his complaint for a second time.  This is particularly true here, where Plaintiff had the benefit of filing his Amended Complaint after Fell moved to dismiss under Fed. R. Civ. P. 12(b)(6) due to the lack of adequate time to intervene.  *See* Docket No. 10, pp. 4-6.  Moreover, as set forth below, even if Plaintiff were allowed to file the proposed Second Amended Complaint, he still fails to state a plausible claim for the failure of Fell to intervene.

Second, Plaintiff seeks to add facts, in the alternative, that "*Fell* perceived a verbal warning that he claims was made by Seagraves and that Seagraves warned that he was going to shoot Plaintiff a second time with his taser." *See* Docket No. 69, Ex. 2 at ¶ 17. Defendants assert this proposed allegation is directly contradictory to Plaintiff's prior

allegation in the Amended Complaint that "[n]either Seagraves nor Fell warned Merrill that he was going to be shot with a taser a second time." *See* Docket No. 25, ¶ 19.    As such, Defendants argue the proposed Second Amended Complaint is made in bad faith and must not be permitted.  *See*, *e.g.*, *Marchelletta v. Bergstrom*, 752 Fed. Appx. 724, 729, 733-34 (11th Cir. 2018) ("It is one thing to present inconsistent theories of relief in one pleading. It is another thing entirely to test a legal theory on one set of alleged facts, lose and suffer an adverse judgment and then use the first decision as a roadmap to alter the alleged facts, and then re-plead post-judgment"); *United States v. Sims*, 525 F. Supp. 2d 1255, 1261 (D. N.M. 2003) (an amended complaint is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed").

Contrary to Defendants argument, however, a careful reading of the proposed Second Amended Complaint indicates Plaintiff's proposed allegation is not directly contradictory but is instead attempting to thread a very small needle.  Whereas the Amended Complaint alleges Plaintiff did not hear Seagraves give a warning before the second taser shot, the proposed Second Amended Complaint seeks to allege that *Fell* perceived and heard a warning by Seagraves before the second taser shot.  Plaintiff offers no explanation for the basis for this proposed allegation or how he knows what Fell either perceived or heard.  Nonetheless, even assuming this allegation as true, it still fails to plausibly state a claim for failure to intervene because the proposed Second Amended Complaint plainly alleges that Fell did not have a realistic opportunity to intervene. Plaintiff affirmative alleges that the second taser shot was "almost immediately after" Seagraves' warning such that Plaintiff did not have the opportunity to comply with any

command.  *See* Docket No. 69, Ex. 2 at ¶ 17.  If the gap in time between Seagraves' alleged warning and second taser shot was so short that Plaintiff had no time to comply, it is not plausible that Fell would have had adequate time to hear Seagraves' warning, process the warning and react to it in some way to stop the second taser shot from occurring.  A warning with no adequate time to react is no better than no warning at all for purposes of a failure to intervene claim.  Therefore, Plaintiff's proposed Second Amended Complaint does not plausibly allege that Fell had a realistic opportunity to intervene.  Thus, the proposed Second Amended Complaint is futile.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion to Permit Second Amended Complaint [Docket No. 69] be DENIED.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 8th day of April, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**