# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

RYAN TYLER MERRILL,                    )
                                       )
          Plaintiff,                )
                                       )
v.                                     )    Case No. CIV-22-07-RAW-GLJ
                                       )
JONATHAN SEAGRAVES, and                )
CITY OF BROKEN ARROW,                  )
OKLAHOMA,                              )
                                       )
          Defendants.               )

## **ORDER**

On April 18, 2025, a Report and Recommendation was entered by United States Magistrate Judge Jackson. It recommends that (1) defendant Seagraves' motion for summary judgment be granted in part and denied in part; and (2) defendant City of Broken Arrow's motion for summary judgment be granted in part and denied in part. Separate objections have been filed by plaintiff, defendant Seagraves, and defendant City of Broken Arrow.

Timely objections having been filed, the court must conduct a de novo review of the issues specifically raised by an objection, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Rule 72(b)(3) F.R.Cv.P.

The general facts are well set forth in the Report and

Recommendation.[1] Plaintiff was driving through Broken Arrow on December 3, 2020. He was pulled over by defendant Seagraves (a Broken Arrow police officer) for an expired tag and a malfunctioning brake light. After obtaining plaintiff's license and insurance verification, Seagraves went to his own vehicle and prepared a citation. Plaintiff only had his car window slightly rolled down and Seagraves demanded he fully roll down the window to sign the citation. Plaintiff refused and Seagraves returned to the police vehicle.[2]

Seagraves had contacted another officer for back up as he intended to remove plaintiff from his vehicle. Plaintiff drove away, however, albeit at a normal speed. He was pursued by the two officers, who had their vehicle lights and sirens flashing. Plaintiff arrived at a house, where he got out of the car and ran onto the porch. The officers pointed their firearms at plaintiff. They shouted instructions but plaintiff contends he could not hear over his own yelling. Seagraves shot plaintiff with a Taser and plaintiff fell on his back on the porch. The officers sought to turn plaintiff onto his back so as to administer handcuffs. He was "noncompliant."[3] Seagraves tased

---

[1] Because of the nature of de novo analysis in a case of this type, it is necessary to repeat discussion that appears in the Report and Recommendation.

[2] Seagraves testified he told plaintiff he was not free to leave. (#83-2 at page 36, ll.2-3). Plaintiff testified that Seagraves did not tell plaintiff so. (#83-1 at page 63, ll.3-5).

[3] Whether plaintiff was willfully noncompliant or because of the physical effects of being tased is disputed.

plaintiff a second time.  The officers were then able to control plaintiff's arms and to handcuff plaintiff.  There is no video of the incident.

Seagraves moved for summary judgment based on qualified immunity.[4]  Thus, the burden shifts to the plaintiff, who must satisfy a two-part test to survive the motion.  *See Baca v. Cosper,* 128 F.4th 1319, 1324-24 (10th Cir.2025).  Plaintiff must show (1) a reasonable jury could find facts supporting a violation of a constitutional right that (2) was clearly established at the time of defendant's conduct.  *Est. of Booker v. Gomez,* 745 F.3d 405, 418 (10th Cir.2014).  If, and only if, plaintiff meets this test does a defendant then bear the traditional burden of the movant for summary judgment.  *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir.2018).  This traditional burden is set forth in Rule 56(a) F.R.Cv.P. Courts have discretion to decide the order in which to address the two qualified immunity prongs.  *See Tolan v. Cotton,* 572 U.S. 650, 656 (2014).

The Magistrate Judge addressed both prongs in his comprehensive analysis.  As to the first Taser use, he concluded (as to prong one) that the use of force was justified and objectively reasonable and thus not a constitutional violation.  *(See* #102 at 18-19.)  As the second Taser use, he

---

[4]"At the summary-judgment phase, a federal court's factual analysis relative to the qualified-immunity question is distinct: the dispositive inquiry is not whether plaintiff (as non-movant) has identified genuine disputes of material fact, but rather whether plaintiff has satisfied his or her two-fold burden of (1) demonstrating a violation of a federal constitutional or statutory right, that (2) was clearly established at the time of the alleged violation." *Estate of Taylor v. Salt Lake City,* 16 F.4th 744, 758 n.5 (10th Cir.2021).

concluded (as to prong one) that there was a genuine issue of material fact as to whether such use was objectively reasonable under the circumstances. *Id.* at 19-20.

Regarding the second prong, the Magistrate Judge concluded that the first Taser use did not violate plaintiff's clearly established rights. *Id.* at 28. He found, however, that "[a] reasonable factfinder could conclude that Seagraves violated Plaintiff's clearly established constitutional rights in deploying the taser a second time." *Id.*

In his objection, plaintiff requests the undersigned to find that the motion for summary judgment be denied as to the first Taser shot as well as the second. This request will be denied, as the undersigned finds (after de novo review) the Report and Recommendation is thorough and cogent

In his objection, Seagraves first argues that the Magistrate Judge improperly applied a "segmented" analysis by separately analyzing the two Taser deployments rather than analyzing the totality of the circumstances. He places principal reliance on *Thomson v. Salt Lake County,* 584 F.3d 1304 (10th Cir.2009).

The undersigned disagrees. Force justified at the beginning of an encounter is not justified even seconds later if the justification for initial force has been eliminated. *Estate of Smart ex rel. Smart v. City of Wichita,* 951 F.3d 1161, 1176 (10th Cir.2020). The Report and Recommendation is

4

consistent with this principle.

This case makes difficult the application of the standard set forth in footnote 4 of this order. Qualified immunity is a question of law, but disputes of fact that necessarily inform the qualified immunity analysis may go to a jury. *Maestas v. Lujan,* 351 F.3d 1001, 1007-09 (10th Cir.2003).

In general, a right is clearly established when a Supreme Court or Tenth Circuit opinion on point exists or when the clearly established weight of authority from other circuits points in one direction. *Estate of Alire v, Wihera,* 2024 WL 5183300, *3 (10th Cir.2024)(citation omitted). Courts must proceed cautiously and not define clearly established law at too high a level of generality. *See id.* (citation omitted). Rather, consistent with the Supreme Court's instructions, the inquiry must be undertaken in light of the specific context of the case. *See id.* (citation omitted). Exactly parallel conduct is not required. The salient question is whether the state of the law at the time of the incident provided fair warning to the defendants that their alleged conduct was unconstitutional. *See id* (citation omitted).

Specificity is particularly important in Fourth Amendment excessive force cases. Excessive force cases often proceed from circumstances where tense, uncertain, and rapidly evolving situations require a split-second judgment from the officer. Accordingly, the court must avoid the 20/20 vision of hindsight and rather recognize officers may have difficulty

5

determining how relevant legal doctrine will apply to the factual situation the officer confronts.  *Id.*  (citation omitted).  Thus, plaintiffs overcome qualified immunity in this context only when existing prior precedent squarely governs the specific facts at issue.  In other words, the rule's contours must be so well established that it is clear to a reasonable officer that defendant's conduct was unlawful in the situation defendant confronted.  *See id.* (citation omitted).

"A taser has two functions, dart mode and drive stun mode.  In dart mode, a taser shoots probes into a subject and overrides the central nervous system."  *Est. of Booker v. Gomez,* 745 F.3d 405, 414 n.10 (10th Cir.2014).  "In [drive stun] mode, the taser delivers an electric shock to the victim, but it does not cause an override of the victim's central nervous system . . . Drive stun mode is used as a pain compliance tool with limited threat reduction."  *Id.*[5]

For purposes of the case at bar, the pertinent statement is that it is "clearly established law in the Tenth Circuit that the use of disproportionate force to arrest an individual who is not suspected of committing a serious crime and who poses no threat to others constitutes excessive force." *Perea v. Baca,* 817 F.3d 1198, 1204 (10th Cir.2016).  "More specifically, it is likewise clearly established that officers may not continue to use force

---

[5]Seagraves testified that he used dart mode for both tasings of plaintiff.  (#83-2 at page 103 l.25 to page 104 ll.1-12).  In the view of the undersigned, this fact (perhaps slightly) strengthens plaintiff's presentation as to both prongs of the qualified immunity analysis.

against a suspect who is effectively subdued." *Id.*

The essential term is "effectively subdued." The term has been defined: "[W]hether an individual has been subdued from the perspective of a reasonable officer depends on the officer having enough time to recognize that the individual no longer poses a threat and react to the changed circumstances." *McCoy v. Meyers,* 887 F.3d 1034, 1048 (10th Cir.2018). This is a <u>factual</u> inquiry and, in the absence of definitive video evidence, seems properly assigned to a jury, likely by narrow interrogatory. *See Gonzales v. Duran,* 590 F.3d 855, 859 (10th Cir.2009).[6]

Seagraves contends that "[t]he law relied upon is too broad, a mere statement of a general duty imposed, and is insufficient to constitute clearly established law for the qualified immunity analysis." (#105 at 6). This is by no means a frivolous argument, but this court must follow authority as best it can. *See Kalbaugh v. Jones,* 807 Fed.Appx. 826, 830 (10th Cir.2020)("[t]aking the facts in the light most favorable to Plaintiff, a reasonable jury could conclude that Defendants continued to beat Plaintiff after he was effectively subdued.") Regarding the first prong of qualified immunity in an excessive force case, "Defendants are free to argue to a jury that Plaintiff was not subdued, but this disputed issue of material fact precludes summary judgment." *Id.* Regarding the second prong, "[t]aking

---

[6]At trial, the parties are not precluded from presenting the entire context of the incident.

the facts in the light most favorable to Plaintiff, Defendants violated clearly established law if they continued beating Plaintiff after it would have been clear to a reasonable officer that he had been effectively subdued." *Id.* (emphasis added).

District courts have entered similar rulings. *See Castillo v. Hille,* 2023 WL 3092879, *8 (D.N.M.2023)("Although the precise moment Plaintiff became subdued is in dispute, a reasonable jury could find that Defendant failed to recognize when Plaintiff no longer posed a threat, and that he failed to react to the changing circumstances."); *Sharp v. Comber,* 2025 WL 1671929, *10 (D.Utah 2025)("a reasonable fact finder could determine [Plaintiff] was effectively subdued when the taser was used.").

Turning to the objection of the City of Broken Arrow, the Magistrate Judge found "BAPD is entitled to summary judgment to the extent Plaintiff's claim for failure to train relies on a research requirement, but BAPD is not entitled to summary judgment on Plaintiff's failure-to-train claim with regard to the use of tasers." (#102 at 29). Again, the City has presented a logical argument, but the undersigned finds after de novo review that the Magistrate Judge's discussion, particularly at page 35 of the Report and Recommendation, is sufficient support to affirm.[7]

---

[7] It is arguable that this case presenting the circumstance of a factual component being present in the "clearly established" law makes stronger the conclusion that a single incident might be sufficient for municipal liability. (*See* #102 at 32-33).

It is the order of the court that the Report and Recommendation (#102) is hereby affirmed and adopted as the order the court, as supplemented by this order.  The motion for summary judgment of defendant Seagraves (#83) is granted in part and denied in part.  The motion for summary judgment of defendant City of Broken Arrow (#84) is granted in part and denied in part.  Regarding defendant Seagraves, plaintiff's claim as to the first Taser shot is dismissed, while his claim as to the second Taser shot proceeds.  Regarding defendant City of Broken Arrow, plaintiff's claim as to failure of training as to legal research is dismissed, while his claim as to failure of training in the use of Tasers proceeds.

**ORDERED THIS 30th DAY OF JUNE, 2025.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma